IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ESPINOZA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STEVE RAMER, et.al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. CV-F-03-6635 REC DLB<br><br>FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |

After his original complaint was dismissed for failure to state a cognizable claim for relief, on September 12, 2005, plaintiff proceeding pro se and in forma pauperis, filed an amended complaint alleging civil rights violations pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion thereof if the Court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In the amended complaint, like the original complaint, plaintiff alleges that on June 2, 2002, he entered a Circle "K" store to purchase cigarettes. He states that he "jokingly" told defendant David Bacon, a store employee, that he wanted all of his money. He states that Bacon did not take him seriously but saw his cell phone and thought it was a gun. Plaintiff contends that Bacon then jumped on him, knocking him to the ground and striking him on the head resulting a concussion for he was hospitalized. He seeks monetary damages against the store owner, defendant Steve Ramer and defendant Bacon.

At a minimum, in order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the act complained of was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v. Taylor, 451 U.S. 527, 535 (1981). To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). Thus, the statute plainly requires that there be an actual causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Thus, the requisite causal connection can be established not only by some kind of direct personal participation, but also by setting in motion a series of acts by other which the actor knows or reasonably should know would cause others to inflict the constitutional injury. Id. This standard of causation "...closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. International Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

Generally, private parties are not acting under color of state law for purposes of an action under 42 U.S.C. § 1983. See Price v. Hawaii, 939 F.2d 702, 707-708 (9th Cir. 1991). However, where a private person conspires with state officials to deprive others of constitutional rights, the private party is acting under color of state law. See Dennis v. Sparks, 449 U.S. 24, 27-28 (1980); Kims v. Stone, 84

1 F.3d 1121, 1126 (9th Cir. 1996). Conclusory allegations are insufficient to establish that a private person conspired with state officials. See Price, 939 F.2d at 708-709.

Because the only named defendants are private parties and plaintiff has failed to allege deprivation of a constitutional right, plaintiff has failed to state a claim under §1983.

The Court therefore recommends that this action be dismissed for failure to state a claim upon which relief can be granted. The Court does not recommend that leave to amend be granted because plaintiff was already given the opportunity to file an amended compliant and was unable to cure the deficiencies identified.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 6, 2006**              **/s/ Dennis L. Beck**
3b142a                                    UNITED STATES MAGISTRATE JUDGE